The Honorable Robert S. Lasnik

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>AGILITY LOGISTICS, INC., LOGISTICAL MANAGEMENT SOLUTIONS, LC., MATSON INTEGRATED LOGISTICS, INC., MICROLISE ENGINEERING LIMITED, NEXXIO TECHNOLOGIES, LLC, TRAK-IT SOLUTIONS, INC., ULTRA LOGISTICS, INC., VERISIGN, LLC, WLG, LLC,<br><br>Defendants. | Civil Action No. 2:10-cv-01249-RSL<br><br>**DEFENDANT WLG'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Pursuant to Rules 7, 8, and 12 of the Federal Rules of Civil Procedure, improperly named Defendant WLG, LLC ("WLG") generally denies the allegations of the Plaintiffs' First Amended Complaint, asserts affirmative defenses, and further states as follows:

1. WLG admits that this purports to be a patent infringement case and that the Court has subject matter jurisdiction over the claims.

2. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                                    - 1 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

3. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

4. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

5. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

6. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

7. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

8. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

9. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

10. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

11. WLG lacks knowledge and information sufficient to answer these allegations and thus denies the allegations on that basis.

12. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

13. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL
- 2 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

1     14.     The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

    15.     WLG denies that there is an entity called WLG, LLC. WLG also denies that Plaintiffs are asserting all the indicated patents against WLG. Those allegations are erroneous. On December 3, 2010, Plaintiffs' Complaint was dismissed, because the "indirect infringement, direct infringement, and willful infringement allegations in the Complaint against WLG fall well short of the standards set forth in the recent Supreme Court cases of *Twombly* and *Iqbal* and do not provide sufficient facts to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)." (Docket No. 25). In filing the Amended Complaint against WLG, Plaintiffs have elected to assert only the '781 and '359 patents against WLG and have dropped the other patents for failure to provide sufficient factual detail. Plaintiffs' counsel, Phil Mann, has confirmed that paragraphs 38-56 of the Amended Complaint are correct in reflecting the fact that Plaintiffs are *only asserting* the '781 and '359 patents against WLG at this time. (*See* Email from Mann to Beattie, attached as **Exhibit A**).

    16.     The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

    17.     The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

    18.     The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL      - 3 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

19. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

20. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

21. WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis. WLG notes that virtually all of the Defendants that settled with Plaintiffs failed to timely answer or to file a motion under Rule 12 and could have been defaulted at any time.

22. WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis. WLG notes that virtually all of the Defendants that settled with Plaintiffs failed to timely answer or to file a motion under Rule 12 and could have been defaulted at any time.

23. There are no factual allegations in this paragraph that need to be answered. To the extent, there are any, WLG denies them. WLG also notes that once Plaintiffs investigated their case, they declined to assert several patents against WLG that they had originally asserted.

24. WLG concedes that this Court has subject matter jurisdiction over this case, but does not concede that the Court has jurisdiction over WLG or that venue is proper or appropriate in this Court. It is not clear that there is any plausible accused activity in this jurisdiction.

25. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                                - 4 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

26.   The allegations of this paragraph concern a different party defendant and WLG need not answer them.  To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

27.   The allegations of this paragraph concern a different party defendant and WLG need not answer them.  To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

28.   The allegations of this paragraph concern a different party defendant and WLG need not answer them.  To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

29.   The allegations of this paragraph concern a different party defendant and WLG need not answer them.  To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

30.   The allegations of this paragraph concern a different party defendant and WLG need not answer them.  To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

31.   These allegations are not particularly relevant to this lawsuit.  WLG denies that it helps business to source or develop.  WLG admits that the second sentence is substantially correct.  WLG essentially arranges transportation for other persons and entities.  "Non-asset based" highlights that WLG does not have its own fleet of planes, ships, trains, and trucks.  "Flexible cargo management" is not a description of WLG's internet tracking system; it is a reflection of WLG's personnel and experience.  The first sentence is correct to the extent it focuses on arranging transport for third parties.  All other allegations of paragraph 31 are denied.

32.   Again, there is no WLG, LLC.  WLG otherwise admits the allegations of paragraph 32.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                    - 5 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA  98104
Telephone: (206) 342-6200

33. Denied. "Internet tracking system" is a generic description, not the name of any program, as Plaintiffs were already told in WLG's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Docket No. 20). WLG's central server is located in Hong Kong, China. More than 99% of its shipments involve at least some travel *outside the jurisdiction of the United States and its patent laws*. WLG arranges for shipments using *other companies' ships, airplanes, trucks, and trains*. WLG does not own a fleet of ships, planes, trucks, or trains and thus has no vehicles with "vehicle control units" as required by some patent claims. WLG does not know if any of the vehicles it uses has a transmitter of the kind described in the patents-in-suit, but any such transmitters do not interact in any way with WLG's tracking system. WLG's "tracking system" does not provide substantially contemporaneous information about the location of any vehicles carrying any of WLG's freight. It does not provide an automated "progress report" at any time during transit. WLG uses a CARGOWISE program that has existed for many years. On information and belief, that program has already survived infringement analysis under the patents-in-suit. WLG is a mere licensee under that CARGOWISE program and probably has rights to contribution and/or indemnification from CARGOWISE on that basis. Under these facts, it is hard to conceive how WLG could infringe any valid claim of any of the patents-in-suit or why ArrivalStar is suing WLG. WLG previously put ArrivalStar on notice that it has "a Rule 11 obligation to look into these facts and to take them into account **before** it files an amended complaint." Plaintiffs have failed to undertake such an investigation.

34. The last sentence is essentially correct and is admitted, if properly understood to be aspects of WLG's business acumen, and not of its internet tracking system. The first sentence is incorrect, particularly if attributed to WLG's internet tracking system. Decision-making power is not put in the hands of the customer, and customers do not determine the best methods for information exchange. All other allegations are denied.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                                            - 6 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

35. Denied. As disclosed in WLG's Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6), these allegations are completely wrong. For example, WLG does not have any vehicles, has no way of "monitoring the travel data" of vehicles, and does not provide contemporaneous information about vehicle position. Customers do not enter information.

36. Denied. Completely wrong as previously indicated in WLG's Motion to Dismiss.

37. Denied.

38. Denied. It is crystal clear that WLG's internet tracking system does not infringe claim 21 of the '359 patent or any other claims of the asserted patents.

39. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that its internet tracking system meets the cited claim limitation or has the properties ascribed to it. As noted in WLG's motion to dismiss, its system simply does not do these things.

40. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that its internet tracking system meets the cited claim limitation or has the properties ascribed to it. As noted in WLG's motion to dismiss, its system simply does not do these things.

41. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that its internet tracking system meets the cited claim limitation or has the properties ascribed to it. As noted in WLG's motion to dismiss, its system simply does not do these things. For example, the WLG system does not monitor vehicle travel data.

42. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that its internet tracking system meets the cited claim limitation or has the properties ascribed to it. As noted in WLG's motion to dismiss, its system simply does not do these things.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                                - 7 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

43. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that its internet tracking system meets the cited claim limitation or has the properties ascribed to it. As noted in WLG's motion to dismiss, its system simply does not do these things. For example, it does not provide real time information.

44. Denied. It is crystal clear that WLG's internet tracking system does not infringe claim 1 of the '781 patent or any other claims of the asserted patents.

45. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that its internet tracking system meets the cited claim limitation or has the properties ascribed to it. As noted in WLG's motion to dismiss, its system simply does not do these things. For example, the WLG system does not monitor vehicle travel data.

46. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that its internet tracking system meets the cited claim limitation or has the properties ascribed to it. As noted in WLG's motion to dismiss, its system simply does not do these things. For example, the WLG system does not monitor vehicle travel data, does not receive updated status information, and does not compare scheduled timing with actual timing data (since such data is not collected).

47. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that its internet tracking system meets the cited claim limitation or has the properties ascribed to it. As noted in WLG's motion to dismiss, its system simply does not do these things. For example, the WLG system does not monitor vehicle travel data and does not automatically generate messages about vehicle delay.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                            - 8 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

48. WLG admits that there is a system with that name, but denies that it meets any claims of the asserted patents or has the cited features.

49. Denied. The cited system does not monitor vehicle data information and does not provide any information about vehicle timing changes at destination.

50. Denied. The system does not do these things.

51. Denied. The system does not infringe claim 1 of the '781 patent or any other claims of the asserted patents.

52. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that the cited system meets the cited claim limitation or has the properties ascribed to it. For example, the system does not monitor vehicle travel data.

53. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that the cited system meets the cited claim limitation or has the properties ascribed to it. For example, the system does not monitor vehicle data.

54. WLG admits that this paragraph does trace *some* language of the cited claim. But infringement analysis requires that an accused process meet all limitations of a claim. WLG denies that the cited system meets the cited claim limitation or has the properties ascribed to it. For example, the system does not monitor vehicle data.

55. WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis. WLG notes that Plaintiffs have dropped six of the patents that they initially asserted, which means that their early assessment of the case was completely wrong.

56. Denied.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                                  - 9 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

57. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

58. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

59. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

60. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

61. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

62. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

63. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

64. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL        - 10 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

65. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

66. The allegations of this paragraph concern a different party defendant and WLG need not answer them. To the extent any answer is required, WLG lacks knowledge and information sufficient to answer the allegations and thus denies the allegations on that basis.

### PLAINTIFFS' PRAYER FOR RELIEF

Defendant WLG denies that it infringes, that the asserted claims are valid, or that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief. WLG further requests that the First Amended Complaint be dismissed.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Defendant WLG also asserts the following affirmative defenses to the Plaintiffs' First Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE
(Lack of Personal Jurisdiction)

1. Defendant WLG denies that the Court has personal jurisdiction over it. WLG is not a Washington company, has not appointed an agent for receipt of services here, and has not committed any infringing actions here or elsewhere.

### SECOND AFFIRMATIVE DEFENSE
(Improper Venue)

2. Defendant WLG denies that venue is proper or convenient in Washington State.

### THIRD AFFIRMATIVE DEFENSE
(Failure to State a Claim)

3. Defendant WLG denies that Plaintiff's Complaint states a cause of action against WLG for which relief can be granted.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                                  - 11 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

## FOURTH AFFIRMATIVE DEFENSE
### (Non-infringement)

4.   Defendant WLG insists that it has not infringed and does not infringe, directly or indirectly, and literally or under the doctrine of equivalents, any valid claim of the two patents asserted against WLG – the '359 patent or the '781 patent, or any other patent asserted by Plaintiffs in this case.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalidity)

5.   Defendant WLG alleges that all claims of the two patents asserted against it, the '359 patent or the '781 patent, are invalid because they fail to satisfy the requirements of the U.S. patent laws, including (without limitation) 35 U.S.C. §§ 101, 102, 103 or 112.

## SIXTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

6.   Defendant WLG contends that one or more of Plaintiffs' claims are barred by equitable defenses, including the doctrine of laches, unclean hands, license, acquiescence, and waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

7.   Defendant WLG contends that Plaintiffs' claims for damages are barred in whole or in part by Plaintiffs' or Plaintiffs' licensees' failure to satisfy the requirements of 35 U.S.C. § 287(a).

## EIGHTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

8.   Defendant WLG contends that Plaintiffs' claim for patent infringement is limited by 35 U.S.C. § 286. WLG also asserts that Plaintiffs cannot claim lost profits damages, or other measures of damages, because they do not practice the patents at issue.

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                              - 12 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

## NINTH AFFIRMATIVE DEFENSE
### (Standing)

9. Defendant WLG contends that Plaintiffs' claim for patent infringement may fail for lack of standing, if assignments were not properly drafted and signed or if the wrong persons or entities own the patents or are suing.

## TENTH AFFIRMATIVE DEFENSE
### (Unenforceability)

10. Defendant WLG contends that the asserted patents are unenforceable because of failure to pay maintenance payments or other reasons. Discovery will determine if there is evidence of fraud on the Patent Office or other additional grounds for asserting this affirmative defense.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Mitigation)

11. To the extent Plaintiff, or others in privity with Plaintiff, may have been damaged, those damages were caused by Plaintiff's own failure to mitigate.

## TWELTH AFFIRMATIVE DEFENSE
### (Extraterritoriality)

12. U.S. patent law generally extends, with few exceptions, only to activities occurring within the United States. Defendant WLG contends that Plaintiffs are attempting to seek damages for events occurring outside the United States, in violation of U.S. patent law.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Sanctions/Exceptional Status/Contempt)

13. It is plain that Plaintiffs failed to undertake the required pre-suit investigation before filing the Complaint. In going from the Complaint to the Amended Complaint, Plaintiffs dropped six patents, clear evidence that those six patents were wrongly asserted initially. Additionally, Plaintiffs have violated the Court Order Granting Defendant WLG's Motion to

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL - 13 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

Dismiss (Docket No. 25), which ordered Plaintiffs to do a proper investigation before filing an Amended Complaint and to only assert patent claims against WLG if they had "a good faith basis for believing that WLG really infringes those claims." WLG believe that Plaintiffs have violated that order, and that Plaintiffs' litigation conduct entitles WLG to attorneys' fees under 35 U.S.C § 285 and sanctions under various provisions.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Other Defenses)

14.     Defendants reserve the right to add other affirmative defenses prior to trial.

### COUNTER CLAIMS

Defendant WLG does not assert counterclaims at this time, but reserves the right to do so in an amended pleading at any appropriate time through resolution of this matter.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant WLG requests trial by jury of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant WLG respectfully asks this Court to grant any or all the following relief:

A.     An order dismissing all of Plaintiffs' claims and its First Amended Complaint;

B.     A judgment against Plaintiffs declaring all claims of the '781 and '359 patents to be invalid under one or more provisions of the U.S. patent laws;

C.     A judgment against Plaintiffs declaring that WLG does not infringe any claim of the '781 and '359 patents;

D.     A judgment against WLG declaring all claims of the '781 and '359 patents to be unenforceable under one or more provisions of the U.S. patent laws;

E.     Dismissal of this case for lack of personal jurisdiction, improper venue, improper service of process or improper process, or other similar issues;

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                      - 14 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA  98104
Telephone: (206) 342-6200

1    F.    An injunction against Plaintiffs forbidding them from asserting all claims of the '781
2 and '359 patents against any other persons or entities;

3    G.    Attorneys' fees and costs under 35 U.S.C. § 285 or other applicable provision, if
4 appropriate;

5    H.    Sanctions if appropriate for failing to undertake an adequate pre-suit investigation or
6 for advancing spurious claims or engaging in vexatious litigation;

7    I.    Interest if appropriate; and

8    J.    Any other relief the Court deems to be just and warranted.

Dated this 28th day of February, 2011

Respectfully submitted,

*s/ Paul H. Beattie*
Paul H. Beattie, WSBA # 30277
**Merchant & Gould P.C.**
701 Fifth Avenue, Suite 4100
Seattle, Washington  98104
Tel:  (206) 342-6200
Fax:  (206) 342-6201
E-mail:  pbeattie@merchantgould.com
*Attorney for Defendant WLG*

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL                    - 15 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA  98104
Telephone: (206) 342-6200

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February 2011, I served a true and correct copy of **DEFENDANT WLG'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the following persons, at the following address, by the indicated method:

John E. Whitaker
**WHITAKER LAW GROUP**
Seattle Tower
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Tel: (206) 436-8500
Email: docket@wlawgrp.com
*Attorney for Plaintiff*

Philip P. Mann
**MANN LAW GROUP**
Seattle Tower
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Tel: (206) 436-0900
Email: phil@mannlawgroup.com
*Attorney for Plaintiff*

Tim J. Filer
**FOSTER PEPPER PLLC**
1111 Third Avenue, Suite 3400
Seattle, WA 98101
Tel: (206) 447-4400
Email: FileT@foster.com
*Attorney for Defendant Logistics Management Solutions LLC*

by:

☐ U.S. Postal Service, ordinary first class mail
☐ U.S. Postal Service, certified or registered mail, return receipt requested
☐ hand delivery to:
☐ facsimile
☒ electronic service through the CM/ECF court system
☐ other (specify)

_____
Kayla E. Butcher

WLG'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:10-cv-01249-RSL
- 16 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200