UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARRIVALSTAR S.A, *et al.*,

    Plaintiffs,

    v.

AGILITY LOGISTICS, INC., *et al.*,

    Defendants.

Case No. C10-1249RSL

ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT

    This matter comes before the Court on plaintiff's motion for entry of default judgment against defendant WLG, LLC ("WLG"). WLG opposes the motion and has filed a motion to vacate the default.

    Plaintiff contends that WLG has infringed its patents. After plaintiff filed its complaint, WLG filed a Rule 12(b)(6) motion to dismiss, which the Court granted with leave to amend. When WLG failed to answer the amended complaint, plaintiff filed a motion for default, which the Clerk of the Court entered on February 25, 2011.

    Because defendant had appeared, plaintiff was required to comply with the notice requirement in Local Rule 55(a) and provide WLG with written notice "at least fourteen days" prior to moving for default. Plaintiff's undisputed failure to follow that provision

justifies vacating the default and denying the motion for default judgment.

In addition, Federal Rule of Civil Procedure 55(c) states that a court may set aside an order of default for "good cause." Courts generally consider three factors in determining whether to set aside an order of default: (1) whether the default was culpable, (2) whether the moving party has presented a meritorious defense, and (3) whether setting aside the default would prejudice the party who secured the entry of default. See, e.g., U.S. v. Signed Personal Check No. 730 of Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). In this case, WLG delayed filing an answer to the amended complaint and failed to move to vacate the default until after plaintiff filed this motion. However, there is no evidence that its behavior was strategic. Instead, counsel were communicating about the possibility of an extension to file the answer. Moreover, WLG's attorney became seriously ill just days before plaintiff moved for default. Declaration of Paul Beattie, (Dkt. #46) at ¶ 11. Those facts, combined with WLG's answer, successful motion to dismiss, and on-going communications with opposing counsel undermine plaintiff's contention that WLG "has willfully adopted a strategy of ignoring and obstructing Arrival Star at every turn." Reply at p. 4. In light of those facts, WLG's conduct was not culpable. In addition, it has asserted a meritorious defense.

Plaintiff argues that it will suffer prejudice because WLG has forced it to incur the delay and expense associated with the motions for default and default judgment. However, it has, at least partially, brought those expenses upon itself by filing a motion for default precipitously and without complying with the Local Rules. Also, "simply delaying resolution of a case" does not constitute prejudice. See, e.g., Mesle, 615 F.3d at 1095.

Finally, as WLG notes, "Judgment by default is a drastic step appropriate only in

extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). In this case, the drastic result of default judgment is not warranted.

For all of the foregoing reasons, plaintiff's motion for default judgment (Dkt. #44) is DENIED. WLG's motion to vacate the default (Dkt. #47) is GRANTED and the Court sets aside the default against that entity.[1]

DATED this 4th day of August, 2011.

*MWT S Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Although the Court sets aside the default, it is concerned by defense counsel's representation that he is "overwhelmed with work this year." Beattie Decl. at ¶ 10. A high volume of work is no excuse for a lack of attention to deadlines in this case, and any further missed deadlines may result in the imposition of sanctions.

ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND
DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT - 3