The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>AGILITY LOGISTICS, INC., LOGISTICAL MANAGEMENT SOLUTIONS, LC., MATSON INTEGRATED LOGISTICS, INC., MICROLISE ENGINEERING LIMITED, NEXXIO TECHNOLOGIES, LLC, TRAK-IT SOLUTIONS, INC., ULTRA LOGISTICS, INC., VERISIGN, LLC, WLG, LLC,<br><br>Defendants. | Civil Action No. 2:10-cv-01249-RSL<br><br><br><br>**COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule CR 16 of the United States District Court for the Western District of Washington, the Parties remaining in this action, namely Plaintiffs Arrivalstar and Melvino, and Defendant WLG, LLC, jointly submit to the Court the proposed Combined Joint Status Report and Discovery Plan.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL
- 1 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA  98104
Telephone: (206) 342-6200

1. **Statement of the Nature and Complexity of the Case**

This is an action for patent infringement regarding Plaintiffs' U.S. Patent No. 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay," issued April 18, 2006 and Plaintiffs' U.S. Patent No. 6,904,359 ("the '359 patent"), entitled "Notification Systems and Methods With User-Definable Notifications Based Upon Occurrence of Events" issued June 7, 2005. Plaintiffs contend that certain Internet Tracking Systems offered and supplied by WLG, LLC infringe one or more claims of the '781 and '359 Patents. Such allegations by Plaintiffs are described in detail in Plaintiffs' First Amended Complaint filed January 3, 2011. WLG, LLC filed an early motion to dismiss, which was granted. Plaintiffs filed an Amended Complaint, asserting two patents, and WLG then filed an Answer to the First Amended Complaint on February 28, 2011. WLG also asserted affirmative defenses, including invalidity, noninfringement, and extraterritoriality (emphasizing that WLG's activities occur overwhelmingly OUTSIDE the U.S., where U.S. patent law does not reach). Plaintiffs dispute those defenses.

Complexity of the Case: This is a relatively complicated patent case involving more than one patent and patent claims.

2. **Statement of Which ADR Method Should Be Used**

The parties agree that this case might benefit from mediation at a later date following at least some discovery. WLG believes mediation would be most beneficial after possible early motion practice by WLG.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL                          - 2 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

3.     **Statement of When ADR Proceeding Should Take Place**

The parties agree that mediation could benefit the parties after some initial discovery and perhaps early motion practice by WLG. The parties proposed mediation in the April to May, 2012 time frame.

4.     **Proposed Deadline for Joining Additional Parties**

The parties agree that any additional parties need to be added by February 24, 2012.

5.     **Proposed Discovery Plan**

A.     Rule 26(f) Conference and Rule 26(a) Initial Disclosures: All parties participated in a Fed. R. Civ. P. 26(f) conference on September 7, 2011.

The parties have agreed to serve initial disclosures on or before October 14, 2011. Subjects on which discovery may be needed and whether discovery should be conducted in phases: Discovery is needed on all issues pertaining to liability and damages, as well as on all issues pertaining to the validity and enforceability of the subject patents. Discovery is also needed on the extraterritoriality of WLG's activities and the location and function of its computers and "tracking" program.

The parties do not believe that discovery should be conducted in actual phases. However, WLG believes that early discovery should be focused on whether WLG can infringe at all, since it lacks any fleet of its own vehicles and its activities are overwhelmingly conducted outside the U.S. and thus outside the reach of U.S. patent laws. Plaintiff does not believe that discovery should be limited or restricted to any particular subject.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL                   - 3 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

B. <u>Changes to limitations on discovery imposed under the Federal and Local Civil Rules</u>: There is no need to change any of the limitations on discovery imposed under the Federal and Local Civil Rules of Procedure, nor are any other limitations needed.

C. <u>Statement of how discovery will be managed so as to minimize expense</u>: The parties have agreed to cooperate in conducting informal discovery, to the extent practical and to the extent such requests for informal discovery are reasonable. However, the parties also reserve the right to engage in formal discovery in this case. WLG proposes that that early discovery should focus on whether WLG can infringe in this matter. Plaintiff does not agree that discovery should be so limited in this action.

D. <u>Other orders that should be entered under Fed. R. Civ. P. 26(c) or Local Rule CR 16(b) and (c)</u>: At this time no orders should be entered by the Court under Fed. R. Civ. P. 26(c) or under Local Rule CR 16(b) and (c). The parties anticipate that confidentiality concerns will arise in this case. However, if needed, the parties will attempt to negotiate a stipulated protective order in this case as governed by Local Patent Rule 111. The parties propose that they agree to respect the confidentiality of any documents produced and designated as confidential by the other party until a protective order can be entered.

6. **Date by Which the Remainder of Discovery Can Be Completed**

The parties believe discovery can be completed in this case by September 21, 2012.

7. **Agreement Regarding Full-Time Magistrate Judge**

The parties do not agree to try this case before a U.S. Magistrate Judge.

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL                      - 4 -
Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

8. **Bifurcation**

The Parties do not believe that bifurcation of the issues of liability and damages in this case would be helpful, although, again, WLG believes an early focus on liability issues may resolve this matter.

9. **Pretrial Statements and Pretrial Order**

The parties do not believe that dispensing with Pretrial Statements and a Pretrial Order would be beneficial in this case.

10. **Other Suggestions for Shortening or Simplifying the Case**

WLG would like to attempt limited, focused early motion practice to attempt an early resolution of the case on the grounds of noninfringement. While plaintiff believes WLG can file whatever motions it chooses, Plaintiff does not believe the ordinary rules of this court regarding discovery and motion practice should be altered.

11. **Date the Case Will Be Ready for Trial**

The Parties agree that the case should be ready for trial in the week of March 18, 2013.

12. **Jury Trial**

The Parties have demanded a jury trial.

13. **Number of Trial Days Required**

Trial of this matter will require five to eight (5-8) court days.

14. **Names, Addresses, and Telephone Numbers of All Trial Counsel**

Trial counsel for the parties are identified as follows:

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL - 5 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

For Plaintiff:

    Philip P. Mann
    MANN LAW GROUP
    1218 Third Ave., Suite 1809
    Seattle, WA 98101
    Tel: 206-436-0900
    Fax: 866-341-5140

and,

    John Whitaker
    WHITAKER LAW GROUP
    1218 Third Ave., Suite 1809
    Seattle, WA 98101
    Tel: 206-436-8500
    Fax: 206.694-2203

For Defendant:

    Paul H. Beattie
    MERCHANT & GOULD, PC
    701 Fifth Avenue, Suite 4100
    Seattle, Washington 98104
    Telephone: (206) 342-6200
    Facsimile: (206) 342-6201

**15.** **Service of the Report / Schedule for FRCP 26(f) Conference and FRCP 26(a) Initial Disclosures**

WLG contends that Plaintiff named the wrong entity in serving WLG, LLC.

There is no such entity. Plaintiff believes all parties have been properly served.

**16.** **Scheduling Conference**

The parties do not believe a scheduling conference is needed.

**17.** **Tutorial regarding Underlying Technology**

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL - 6 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

The parties agree it would be helpful to provide a tutorial at the time of the Claim Construction Hearing or perhaps a few days before to assist the Court in understanding the underlying technology in this case.

**18.** **Early Discovery**

The parties have agreed to allow discovery to proceed as provided in the Federal Rules of Civil Procedure.

**19.** **Motions for Preliminary Injunction and/or Dispositive Motions before Claim Construction Hearing**

Plaintiffs: Plaintiffs do not plan to seek a preliminary injunction or to pursue a dispositive motion before the Claims Construction Hearing.

Defendants: WLG does plan to file an early dispositive motion based on the fact that its activities are overwhelmingly international and therefore outside the jurisdiction of the U.S. patent laws. U.S. patent law generally (with few exceptions) does not apply to activities overseas. This is important, because, as set forth in WLG's Motion to Dismiss and the Answer:

> WLG is headquartered or based in Hong Kong, China. Its central server is located in Hong Kong, China. More than 99% of its shipments involve at least some travel *outside the jurisdiction of the United States and its patent laws*. WLG arranges for shipments using *other companies' ships, airplanes, trucks, and trains*.

(Motion to Dismiss, Doc. No. 20, at 4 n.1; Answer at ¶ 33; Beattie Decl. at ¶ 13). In other words, 99% of WLG's business activities and revenues cannot infringe any claim of the two asserted patents because *those activities occur outside the United States*. This is a central defense in this case.

WLG also lacks a fleet of vehicles that could practice the patent and does not infringe for that reason as well.

**COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN**
No. 2:10-cv-01249-RSL     - 7 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

Additionally, the system that WLG uses is licensed from another entity, CARGOWISE. Accordingly, Plaintiffs have failed to join an essential party.

Finally, Plaintiffs have not identified or served the right entity in this matter.

Plaintiff disputes WLG's assertions outlined above.

### 20. Court-Appointed Expert

The parties do not request that the Court appoint an expert to hear or make recommendations on claim construction issues in this case.

### 21. Nature of Claims Construction Hearing

The parties anticipate an evidentiary Claims Construction Hearing where witnesses will be called.

### 22. Deadline for Dispositive Motions

The parties agree that all dispositive motions should be filed and served in this case no later than December 17, 2012.

DATED this 19th day of September, 2011.

Respectfully submitted,

*s/Paul H. Beattie*
Paul H. Beattie, WSBA # 30277
**Merchant & Gould P.C.**
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Tel: (206) 342-6200
Fax: (206) 342-6201
E-mail: pbeattie@merchantgould.com
*Attorney for Defendant WLG, LLC*

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL                - 8 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

| | |
|---|---|
| 1 | s/*Philip P. Mann* |
| 2 | Philip P. Mann<br>**MANN LAW GROUP** |
| 3 | 1218 Third Ave., Suite 1809<br>Seattle, WA 98101 |
| 4 | Tel: (206) 436-0900 |
| 5 | Fax: (866) 341-5140<br>Email: phil@mannlawgroup.com |
| 6 | |
| 7 | s/*John Whitaker* |
| 8 | John Whitaker<br>**WHITAKER LAW GROUP** |
| 9 | 1218 Third Ave., Suite 1809<br>Seattle, WA 98101 |
| 10 | Tel: (206) 436-8500<br>Fax: (206) 694-2203 |
| 11 | |
| 12 | *Attorneys for Plaintiffs, ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED* |

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL        - 9 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2011, I served a true and correct copy of **COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** on the following persons, at the following addresses, by the indicated method:

Philip P. Mann
**MANN LAW GROUP**
Seattle Tower
1218 Third Avenue, Suite 1809
Seattle, WA 98101
Tel: (206) 436-0900
Email: phil@mannlawgroup.com
*Attorney for Plaintiff*

by:

- ☐ U.S. Postal Service, ordinary first class mail
- ☐ U.S. Postal Service, certified or registered mail, return receipt requested
- ☐ hand delivery to:
- ☐ facsimile
- ☒ electronic service through the CM/ECF court system
- ☐ other (specify)

_____
Kayla E. Butcher

COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN
No. 2:10-cv-01249-RSL                              - 10 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200